**Not for Publication in West's Federal Reporter**

# United States Court of Appeals

## For the First Circuit

No. 09-1446

DARREN F. STARR,

Plaintiff, Appellant,

v.

TIMOTHY COULOMBE, Corporal,
Northern NH Correctional Facility, Et Al.,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

[Hon. Steven J. McAuliffe, U.S. District Judge]

Before

Lynch, Chief Judge,
Boudin and Stahl, Circuit Judges.

Darren F. Starr on brief pro se.
Michael A. Delaney, Attorney General, and Glenn A. Perlow,
Assistant Attorney General, on brief for appellees.

March 25, 2010

**Per Curiam**.  New Hampshire state inmate Darren Starr appeals from a district court Order dated January 29, 2009, which granted summary judgment in defendants' favor on claims raised in Starr's complaint under 42 U.S.C. § 1983.  On de novo review, we affirm the district court's judgment for the following reasons.

1.  Judgment in defendants' favor on Starr's First Amendment claim based on the denial and destruction of his letter from Trina Catalino was warranted.  In his written complaints relating to the handling of his "mail" from Catalino, Starr made no mention of a letter, and he affirmatively represented that her mail included only copies of state law printed from an Internet website. As to the letter, therefore, Starr failed to include the "nature of [his] complaint," as was required by the DOC's grievance policy. Hence, this First Amendment claim was not properly exhausted. Jones v. Bock, 549 U.S. 199, 218 (2007) (the "level of detail necessary in a grievance" required for proper exhaustion is determined by reference to the requirements of the prison's grievance procedures) (citing Woodford v. Ngo, 548 U.S. 81, 88 (2006)).

2.  For reasons essentially given by the district court, we agree that entry of judgment in defendants' favor was warranted on Starr's First Amendment claim that defendants had unreasonably applied a volume limit and the DOC's Publisher's Only Rule (POR) to deny him the 38-page printout of state laws that was sent by

-2-

Catalino.  On appeal, Starr essentially proffers only legal arguments that are not persuasive.  For example, he ignores relevant reasoning in Bell v. Wolfish, 441 U.S. 520 (1979), which partly upheld the POR in that case because it was reasonably related to the facility's legitimate interest in having staff avoid time-consuming searches of each page of incoming publications.  Id. at 549, 551.  In addition, he relies on Clement v. Calif. Dept. of Correction, 220 F. Supp. 2d 1098, 1108 (N.D. Cal. 2002), aff'd, 364 F.3d 1148 (9th Cir. 2004), which is distinguishable on its facts.

3.  Starr's argument that provisions in the DOC's mail policy, PPD 5.26, which were applied to deny the Internet printouts he received were unconstitutionally vague is unpersuasive.  During the summary judgment proceedings, moreover, he did not press that claim relative to Catalino's letter, so we need not address it. Medical Mut. Ins. Co. of Maine v. Indian Harbor Ins. Co., 583 F.3d 57, 61 (1st Cir. 2009) (a claim not advanced in the district court "is procedurally defaulted") (citation omitted).

4.  Starr's claim that defendants deprived him of the full 10-day appeal period in the DOC's mail policy, PPD 5.26, and effectively shortened it to 5 days, asserts at best a violation of state law.  Under federal law, Starr was entitled to a "reasonable" opportunity to protest the denial of his mail. Bonner v. Outlaw, 552 F.3d 673, 676 (8th Cir. 2009) (construing Procunier v. Martinez, 416 U.S. 396, 418-19 (1974)); accord Lena v. Dubois, 19

F.3d 1427, *1 (1st Cir. 1994) (unpublished per curiam).  He has not presented arguments showing that a de facto appeal period of 5 days was unreasonable.

Affirmed.